NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| BENJAMIN GONZALEZ | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 03-CV-3728 (DMC) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, |  |
| Defendant. |  |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon a request for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, by Plaintiff Benjamin Gonzalez ("Plaintiff"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Plaintiff's request for attorney's fees is **granted**.

**I.   BACKGROUND**

Plaintiff/Appellant filed a motion for attorney's fees in the United States Court of Appeals for the Third Circuit pursuant to the EAJA in the amount of $23,873.85. The motion for attorney's fees was remanded to this Court on September 5, 2007.

Plaintiff was represented by Rutgers Urban Legal Clinic, a legal services provider pursuant to N.J. R 1:21-3(c), that provides free legal services to indigent claimants. (Plaintiff's

1

Application for Attorney's Fees ("Pl.'s 1st Br.") p. 7). Legal services were provided to Plaintiff by Professor Jon C. Dubin, Esq., counsel of record, and third-year law students at Rutgers University.

In Plaintiff's first brief, he requested $23,873.85 in attorney's fees, reflecting 143 hours at a rate of $166.95/hr[1], with a 5% reduction of all attorney time. (Pl.'s 1st Br., pp. 7-8). Not included in this calculation is 146 hours of law student time spent on the case. (Pl.'s 1st Br., pp. 8-9). In opposition, Defendant states that the fee request must be reduced because it is unreasonable and attorney's fees under the EAJA should be awarded to the prevailing party (i.e., Gonzalez), and not to the prevailing party's attorneys (i.e., Rutgers Urban Legal Clinic). (See Def.'s 1st Opp., pp. 2, 8). Defendant "recognizes that his current position is a change from his past practice of not objecting to court orders making EAJA fees payable to a claimant's attorney." (Def.'s 2nd Opp., p. 12). This change in position is due to the Department of Treasury's recently-acquired ability to match the name and taxpayer identifying number on certain Federal payments with that of those owing delinquent debts. (Def.'s 2nd Opp., p. 13). Defendant asserts that if the EAJA fee award is paid to the prevailing party's attorney, the Treasury Department will not be able to match the prevailing party's delinquent debt with the payment because the EAJA payment will contain only the attorney's identifying information

---

[1] According to the EAJA, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living....justifies a higher fee." 29 U.S.C. § 2412(d)(2)(A)(ii). The Consumer Price Index ("CPI") in March 1996 (the year in which the current version of EAJA was re-enacted) was 155.7 and the CPI for May 2007 was 207.949. *See* http://www.bls.gov/schedule/archives/cpi_nr.htm (for CPI figures). The cost of living adjustment ("COLA") "is determined by dividing 207.95 by 155.7 which equals 1.33558 and the COLA adjusted hourly rate is therefore 1.33558 x $125 which is $166.95/hr." (Pl.'s 1st Br., p. 6-7).

(Def.'s 2nd Opp., p. 13).

Plaintiff argues that Defendant's new policy of awarding attorney's fees to the prevailing party would "frustrate the core purposes of the fee shifting statutes, create unintended windfalls for *pro bono* Plaintiffs, and overrule a large body of authority in the Third Circuit and other Courts of Appeals that have long recognized that *pro bono* legal organizations are the proper recipients of attorney fee awards." (Pl.'s 2nd Br., pp. 19-24). Plaintiff requests total attorney's fees of $30,217.95 (181 hrs x $16.95/hr), of which $7,095.38 (42.50 hrs x $166.95/hr) was expended on the attorney's fee issue.

## II.    STANDARD OF REVIEW

Pursuant to the EAJA, a plaintiff is entitled to attorney's fees if the Commissioner's position is not substantially justified. 28 U.S.C. § 2412(d)(1)(A). The Commissioner has the burden of proving that its administrative and litigation positions were substantially justified. Taylor v. Heckler, 835 F. 2d 1037, 1040 (3d Cir. 1987). "In order to prevail, the government must show 1) a solid and well-founded basis in law for the facts alleged; 2) a solid and well-founded basis in law for the theory it propounded; and 3) a solid and well-founded connection between the facts alleged and the legal theory advanced." [citations omitted], Taylor at 1042. Thus, the Commissioner has a total of six burdens of demonstrating substantial justification - i.e., the three listed above for each of its administrative and litigation positions. The Third Circuit noted that the Supreme Court subsequently adopted a "reasonable basis" in lieu of a "solid and well-founded" one, but that the inquiry remains substantially the same. Hanover Potato Products, Inc. v. Shalala, 989 F.2d 123, 128 (3d Cir. 1993).

In general, "the party seeking attorney's fees has the burden to prove that its request for attorney's fees is reasonable." Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). In

order "to meet its burden, the fee petitioner must 'submit evidence supporting the hours worked and rates claimed.'" Id. (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). The opposing party "must identify the portion of the fee request being challenged and state the grounds for the challenge." Bell v. United Princeton Properties, 884 F.2d 713, 715 (3d Cir. 1989). The court has wide discretion "in deciding what a reasonable fee award is, so long as any reduction is based on objections actually raised by the adverse party." Id. at 721. The Third Circuit has noted that "a court may not reduce counsel fees *sua sponte* as 'excessive, redundant, or otherwise unnecessary' in the absence of a sufficiently specific objection to the amount of fees requested" and the court "may not award less in fees than requested unless the opposing party makes specific objections to the fee request." U.S. v. Eleven Vehicles, 200 F.3d 203, 211 (3d Cir. 2000).

### III.    DISCUSSION

It is conceded that Defendant's position is not substantially justified because Defendant fails to meet its burden of demonstrating substantial justification under the EAJA. (Pl.'s 2nd Br., p. 1). Additionally, "the Defendant does not contest that Plaintiff is the prevailing party or the propriety of the request rates for counsel." (Pl.'s 2nd Br., p. 1). As such, Plaintiff is entitled to attorney's fees since the Commissioner's position is not substantially justified.

####    A.    The requested attorney's fee amount is reasonable.

Plaintiff has met his burden of proving that his request for attorney's fees is reasonable by submitting a detailed time log of attorney and law student time expended. (Pl.'s 1st Br., p. 22). Defendant objected to the amount of time that Plaintiff's attorney spent in preparing the appeal, stating that the time is excessive and that it must be reduced. At the outset, it must be noted that Plaintiff has already voluntarily reduced approximately $14,600 (146 hrs x $100/hr ) from the

total fee in law student hours, applied a 5% reduction of all attorney time, and "has excluded all time spent negotiating the final settlement in this case...[which] reflects further voluntary reductions of 10.25 hours." (Pl.'s 1st Br., pp. 8-9).

Specifically, Defendant objected to 10 hours spent on clerical tasks and making arrangements for moot court. (Def.'s 1st Opp., p. 5). Plaintiff, in response, subtracted those 10 hours. (Pl.'s 2nd Br., p. 13). Additionally, Defendant objected to the amount of time Plaintiff's counsel spent on legal research, but does not specify the grounds for the challenge, other than to state that Plaintiff's counsel has sought fees for legal research for approximately 42 hours on subjects in which he has great expertise. (Def.'s 2nd Opp., p. 5). Plaintiff's counsel noted that he did not represent Plaintiff at the District Court level and thus, all relevant research and writing had to be developed and reviewed anew. (Pl.'s 2nd Br., p. 7). According to Plaintiff, preparations for the appeal resulted in a 62 page Appellate brief, 30 page reply brief, motions, and filings. (Pl.'s 2nd Br., p. 10). The reasonableness of Plaintiff's request is supported by similar Social Security Administration ("SSA") cases in which courts have found the requested attorney hours to be reasonable and awarded appropriate fees. See McCaley v. Barnhart, Civ. No. 01-4953 (DRD) (D.N.J.Sept. 19, 2005) (awarding the Rutgers Clinic $19,879.57 for 65.75 attorney hours and 124.45 law student hours involving a 64-page appellate brief and 310-page appendix.); Walton v. Massanari, 177 F. Supp. 2d 359, 363-365 (E.D.Pa. 2001)(awarding approximately $25,410 for 180 hours of attorney hours plus $463 in costs for an SSA case upheld at the Third Circuit.).

Defendant also objects to the time spent on an issue raised in the Court of Appeals, which was not previously raised in the District Court by prior Counsel. (Def.'s 2nd Opp., p. 4). The

issue was "whether the Commissioner erred by attempting to establish the existence of a substantial number of jobs in the national economy performable by a claimant through the grid regulations when evidence supports that the claimant is both illiterate and unable to communicate in English." (Pl.'s 3d Br., p. 5). It should be noted, however, that Defendant does not raise any claims that this issue was unrelated to Plaintiff's request for relief to set aside the agency's decision nor does Defendant dispute Plaintiff's success at the appellate level, and therefore, the fee award on the Plaintiff's successful claim is proper. See Hensley at 461 U.S. at 434-435 (stating that in cases where a Plaintiff presents "different claims for relief that are based on different facts and legal theories," and the counsel's work on one claim is unrelated to another claim, no attorneys fees may be awarded for the unsuccessful claim.).

Lastly, while Defendant objects to the "routineness" of this case, there is no specific objection to the hours expended (other than what has already been addressed above), but rather, Defendant states that 20-40 hours is a reasonable expenditure of time in an average disability case, conceding later that sufficient specificity is necessary and that the 20-40 hours was merely a benchmark. (Def.'s 2nd Opp., p. 4).

In light of the voluntary reductions in hours and fees by Plaintiff's counsel and the work expended on this matter that led to its success in the Court of Appeals, this Court finds that Plaintiff's request for attorney's fees in the amount of $30,217.95 (181 hrs x $166.95/hr) is reasonable.

    **B.    The attorney's fees should be awarded to the prevailing party's attorneys.**

Defendant asserts that according to the plain language of the EAJA, the attorney's fees must be awarded to the "prevailing party" and not to the attorney representing the prevailing

6

Case 2:03-cv-03728-DMC   Document 39   Filed 02/27/08   Page 7 of 8 PageID: 709

party.  (Def.'s 2nd Opp., p. 8).  Defendant recognizes that this is a change from its past practice of allowing EAJA fee awards to claimant's attorney.  (Def.'s 2nd Opp., p. 12).

In support of its new position, Defendant cites Evans v. Jeff D., 475 U.S. 717, 731-2 (1986) (in which the Supreme Court stated that Congress did not bestow "fee awards upon attorneys nor rendered them nonwaivable or nonnegotiable...") and Venegas v. Mitchell, 495 U.S. 82, 87-88 (1990) ("because it is the party, rather than the lawyer, who is so eligible, we have consistently maintained that fees may be awarded...").  The Court in Evans, 475 U.S. 717 did not expressly overrule Circuit Court precedents holding that statutory fees must be awarded to *pro bono* counsel to avoid a windfall to Plaintiffs.  Indeed, Defendant does not cite to any federal decisions holding that Evans overruled the precedent of awarding fees to *pro bono* counsel.  Defendant does refer to one, non-binding state court case in which the court discusses the point brought out in Evans that fees must be awarded to prevailing parties according to the Civil Rights Attorney's Fees Award Act, 42 U.S.C. § 1988.  See Stair v. Turtzo, 768 A.2d at 303 (Sup. Ct. Pa. 2001).  The Stair court stated, however, that the case was "materially distinguishable" from cases in which plaintiffs are represented by *pro bono* counsel.  Id. at 302 n.3 (distinguishing Rodriguez v. Taylor, 569 F.2d 1231 (3d Cir. 1977)).  Furthermore, the Stair court "recognize[d] that the holdings in Evans and Venegas do not directly answer the question of interest in statutory fee recovery as between the lawyer and client."  Stair, 768 A.2d at 318.  Additionally, since Evans, the Supreme Court affirmed a fee awarded to *pro bono* counsel in Missouri v. Jenkins, 491 U.S. 274, 277, 289 (1989).

The Third Circuit, in addition to other Circuit Courts, has held that fee awards must be awarded to *pro bono* counsel to avoid an unintended windfall to Plaintiffs under various

7

attorneys' fee statutes. *See, e.g.,* FDL Technologies v. U.S., 967 F.2d 1578, 1580-81, n.1 (Fed. Cir. 1992); Hairston v. R & R Apartments, 510 F.2d 1090, 1093 (7th Cir. 1975). In Rodriguez, 569 F.2d at 1245, the Third Circuit expressly stated that "of course, since the object of fee awards is not to provide a windfall to individual plaintiffs, fee awards must accrue to counsel." The Third Circuit has reiterated this holding in Miller v. Apartments & Homes of N.J.**,** 646 F.2d 101, 112 (3d Cir. 1981) in addition to recently approving fee awards directly to *pro bono* counsel in Maldonado v. Houston, 256 F.3d 181, 188 (3d Cir. 2001).

Therefore, attorney's fees should be awarded to Plaintiff's *pro bono* counsel consistent with Third Circuit precedent.

**IV.    CONCLUSION**

For the reasons stated, it is the finding of this Court that Plaintiff's request for attorney's fees in the amount of $30,217.95 is **granted**. An appropriate Order accompanies this Opinion.

S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:        February  27 , 2008
Orig.:       Clerk
cc:          Counsel of Record
             The Honorable Mark Falk, U.S.M.J.
             File